IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHANSLER DEPAUL MALLARD | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-30 |
| NFN PARR, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Chansler Depaul Mallard, an inmate confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple defendants.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed the above-referenced complaint on February 14, 2020 (Doc. # 1). On February 24, 2020, this Court ordered the Clerk of Court to mail plaintiff a copy of the *in forma pauperis* application for prisoners and the form application for a prisoner civil rights case and gave plaintiff twenty (20) days to complete and file both forms with the Court (Doc. # 6). Plaintiff received a copy of this Order on March 4, 2020 (Doc. # 7). Receiving neither form, the undersigned entered a Report and Recommendation on June 30, 2020, recommending the complaint be dismissed for want of prosecution (Doc. # 8). In response, Plaintiff filed several "notices" with the court, liberally construed as Objections. Plaintiff appeared to elaborate on his claims and stated he requested a certified income trust statement from TDCJ officials but was having trouble with the library.

In light of the foregoing, the Report and Recommendation was withdrawn and an order was entered on October 13, 2020, giving Plaintiff an additional thirty (30) days to provide the court with an *in forma pauperis* application. More than ample time has passed yet Plaintiff has failed to file

an application to proceed *in forma pauperis* accompanied with a certified income trust statement nor a completed civil rights complain form for prisoners pursuant to 42 U.S.C. § 1983.[1]

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff has failed to comply with this Court's order and has failed to diligently prosecute this case. This case should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Recommendation

This civil rights action should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

---

[1] The notices Plaintiff filed were not on the form application for prisoner civil rights suits and involved claims against additional Defendants not presently in this suit.

*Services Automobile Associatio*n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

    SIGNED this 17th day of March, 2022.

                                             Zack Hawthorn
                                             United States Magistrate Judge